**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| MONTEZ BLAIR,<br><br>Plaintiff,<br><br>v.<br><br>COREMEDIA CORPORATION,<br><br>Defendant. | Civil Action No.<br>24-cv-09232-CPO-MJS |

**ORDER & OPINION**

This matter is before the Court on plaintiff Montez Blair's ("Plaintiff") Motion for Leave to File an Amended Complaint (the "Motion"). ECF No. 36. Defendant CoreMedia Corporation ("Defendant") opposes the Motion. ECF No. 39. Having considered the parties' submissions, the Court decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth herein, Plaintiff's Motion is **DENIED**.

## I. Background

The parties are familiar with the procedural history of this employment action, which Plaintiff commenced in New Jersey Superior Court on July 31, 2024, and which Defendant subsequently removed to this Court. Plaintiff was employed by Defendant as a Key Accounts Manager beginning in October 2020. ECF No. 1-1 at 3.[1] According to his Complaint, Plaintiff was diagnosed with Hodgkin's Lymphoma in 2021 and underwent cancer treatment while continuing

[1] Unless otherwise noted herein, all references to page numbers refer to the ECF stamped page number in the header of the electronic filing.

to work for Defendant. Id. Plaintiff alleges that Defendant later initiated an "interactive process,"[2] placed him on unpaid leave in August 2022, stopped paying his health insurance in February 2023, and terminated his employment in May 2023. ECF No. 1-1 at 4–6. Plaintiff's Complaint asserts claims arising from his employment and termination, including breach of contract, disability discrimination under the New Jersey Law Against Discrimination Act ("NJLAD"), and wage-related claims. ECF No. 1-1.

Defendant answered the Complaint on October 15, 2024. ECF No. 10. On December 4, 2024, the Court entered an initial scheduling order establishing February 7, 2025, as the deadline to amend pleadings or add parties. ECF No. 14. The Court subsequently held several conferences and extended various factual discovery, expert discovery, and dispositive-motion deadlines. However, the deadline to move to amend the pleadings or add parties was not extended, and the docket reflects no applications to extend this deadline prior to February 7, 2025, or to revisit the deadline after its expiration.

On April 28, 2026, Plaintiff filed this Motion, asserting that discovery revealed that Defendant's CEO, Sören Stamer ("Mr. Stamer"), was the final decisionmaker in the process that led to Plaintiff's termination. ECF No. 36; ECF No. 36-3 ¶ 38. Plaintiff claims he learned this information during depositions of Defendant's Chief of Staff, Sarah Kim, and Defendant's Corporate Designee, Susanne Thielecke. ECF No. 36-1 at 1; No. 36-5; ECF No. 36-6. Those depositions occurred on July 24, 2025, and October 16, 2025, respectively. ECF No. 36-5; ECF No. 36-6.

---

[2] See Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 311–17 (3d Cir. 1999) (quoting 29 C.F.R. § 1630.2(o)(3)) (explaining that the interactive process serves to identify "the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome those limitations").

The proposed amended complaint seeks to impose individual liability on Mr. Stamer under the NJLAD's aiding-and-abetting provision and for Plaintiff's contract and wage-related claims. ECF No. 36-1; ECF No. 36-3 at 6–7, 9, 11. Defendant opposes the motion, arguing principally that Plaintiff cannot establish good cause under Federal Rule of Civil Procedure 16(b)(4) and that amendment at this stage would result in undue delay and prejudice. ECF No. 39 at 7. In support of its argument, Defendant asserts that it disclosed Mr. Stamer's involvement in Plaintiff's termination more than a year before Plaintiff's Motion and it underscores that fact discovery has closed and that the deadline for dispositive motions is approaching. Id. at 9. Indeed, as discovery has concluded, the Court advised the parties not to file any dispositive motions prior to the resolution of this Motion. ECF No. 51.

## II. Legal Standard

When a party seeks leave to amend a complaint after the deadline set in the scheduling order, such party must first establish "good cause" under Rule 16(b)(4) before demonstrating that amendment is warranted under Rule 15(a)(2). See Premier Comp Sols., LLC v. UMPC, 970 F.3d 316, 319 (3d. Cir. 2020); FED. R. CIV. P. 16(b)(4), 15(a)(2). The decision to grant a motion to amend rests within the district court's discretion but should be granted "as justice so requires." See Cureton v. NCAA, 252 F.3d 267, 272 (3d. Cir. 2001); FED. R. CIV. P. 15. But see Korrow v. Aaron's, Inc., 300 F.R.D. 215, 220 (D.N.J. 2014) (explaining that motions to amend filed after the scheduling-order deadline are subject to heightened scrutiny).

Pursuant to Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). When deciding whether a party has demonstrated good cause to amend, "courts need to evaluate the moving party's diligence[.]" Pezza v. Middletown Twp. Pub. Sch., Civ. A. No. 18-16354, 2023 WL 2019623, at *3 (D.N.J. Feb. 15, 2023). In

assessing diligence, "the Court must 'ascertain whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired.'" Id. (quoting Grasso v. Consol. Rail Corp., Civ. A. No. 12-398, 2013 WL 3167761, at *5 (D.N.J. June 20, 2013)); see also Premier Comp Sols., LLC, 970 F.3d at 318–19 (affirming denial of a motion to amend after plaintiff moved to amend after the deadline and failed to show "due diligence"); Race Tires Am., Inc. v. Hoosier Racing Tire Corp., 614 F.3d 57, 84–85 (3d Cir. 2010) (same).

"If the moving party 'knows or is in possession of the information that forms the basis of the later motion to amend' before the deadline has passed, 'the party is presumptively not diligent.'" Sullivan v. Wisler, Civ. A. No. 22-2704, 2025 WL 2346336 (D.N.J. Aug. 12, 2025) (quoting Price v. Trans Union, LLC, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010)); see also Dimensional Communs., Inc. v. OZ Optics, Ltd., 148 Fed. App'x. 82, 85 (3d Cir. 2005) (upholding trial court's finding that movant could not satisfy "good cause" because it was in possession of the facts underlying its proposed counterclaim well before the amendment deadline).

Thereafter, the Court turns to Rule 15. Rule 15 states that courts should "freely give" the moving party an opportunity to amend their complaint "when justice so requires." Premier Comp Sols., LLC, 970 F.3d at 318; FED. R. CIV. P. 15(a)(2). Further, "[a] general presumption exists in favor of allowing a party to amend its pleadings." Int'l Union of Operating Eng'rs, Local 68, AFL-CIO v. RAC Atl. City Holdings, Civ. Nos. 11-3932, 11–4585, 2013 WL 353211, at *8 (D.N.J. Jan. 29, 2013). Despite such presumption, a court may deny the motion to amend if the party opposing the motion shows there is undue delay, bad faith, dilatory motives, unfair prejudice, or that amendment would be futile. See U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

## III. Discussion

### a. The Court Does Not Find Good Cause Under Rule 16(b)(4)

Plaintiff filed his motion to amend on April 28, 2026, over a year after the February 7, 2025, deadline to amend expired. Thus, he must first establish good cause under Rule 16(b)(4). See Premier Comp Sols., LLC, 970 F.3d at 319; Fed. R. Civ. P. 16(b)(4), 15(a)(2). He does not.

Plaintiff states in his Motion that "Mr. Stamer's involvement was first disclosed during the July 2025 depositions and confirmed in October 2025." ECF No. 36-1 at 5. However, Defendant's responses to interrogatories asking it to "[i]dentify each and every individual involved in the decision to end Plaintiff's employment" show that Plaintiff possessed this information as early as March 31, 2025:

> RESPONSE & OBJECTIONS: The following individuals **made the decision** to issue Plaintiff an email on May 31, 2023 that acknowledged his lack of communication since February 9, 2023 concerning his interest in returning to active employment and informed him that CoreMedia considered him to have abandoned and **terminated his employment** with CoreMedia: Sarah Kim (Director Operations and Strategic Initiatives), Susanne Thielecke ( global VP Talents & Culture/HR) and **Sören Stamer (CEO)**. Ms. Kim and Ms. Thielecke made the recommendation to proceed, which was **ultimately approved by Mr. Stamer in his role as CEO**.

ECF No. 39-1 at 5–6 (emphasis added); id. at 7 ("Ultimately, CEO Sören Stamer provided **final approval** on their recommendation.") (emphasis added).

Plaintiff argues that he diligently pursued amendment after he learned of Mr. Stamer's involvement from the Kim and Thielecke depositions in July 2025 and October 2025. ECF No. 36-1 at 2. But he ignores that he possessed the relevant information as early as March 31, 2025. See ECF No. 39-1 at 5–6, 7. The deposition testimony about Mr. Stamer in July and October 2025 does not entitle Plaintiff to re-open the pleadings when Defendant's March 31, 2025, interrogatory responses identify Mr. Stamer as the key decisionmaker. See Ortiz v. Stevenson, No. 21-cv-17066, 2023 WL 6619674, at *4 (D.N.J. Oct. 11, 2023) (denying leave to amend where plaintiff claimed

that he did not learn the relevant information until after the amendment deadline had passed but waited 11 months to seek leave to amend).

The Ortiz Court held that late-acquired knowledge did not give the plaintiff a "carte blanche" to sit on the information for months before seeking leave to amend. Id. The same is true here. Although Plaintiff obtained the information about Mr. Stamer after the February 7, 2025, amendment deadline, that does not excuse the subsequent delay of approximately 13 months. See id. Once Plaintiff possessed the relevant information about Mr. Stamer's role in Plaintiff's termination, Rule 16 required he move to amend with reasonable diligence. See id.; FED. R. CIV. P. 16. Here, Plaintiff did not move to reset the deadline to move to amend prior to its expiration date, he did not move to revisit the deadline in the wake of receiving the relevant written discovery, and he did not move to reset the deadline at any of the case management conferences in the year that followed. Thus, there is no due diligence and no good cause. Moreover, even after the deposition testimony on October 16, 2026, ECF No. 36-5, Plaintiff still did not bring this motion until more than 6 months later. See MaxLite, Inc. v. ATG Elecs., Inc., Civ. A. No. 15-01116, 2021 WL 4520418, at *5-7 (D.N.J. Oct. 4, 2021) (denying motion for leave to amend a counterclaim when movant learned of the information after deadline set by the Court expired but waited approximately seven months before filing the motion). Therefore, Plaintiff has not demonstrated good cause, and the Motion is denied.

**b. The Court Would Also Deny Leave to Amend Under Rule 15**

Although the absence of good cause under Rule 16(b)(4) is dispositive of Plaintiff's Motion, the Court nevertheless concludes that, even if Plaintiff satisfied Rule 16, amendment would also be unwarranted under Rule 15(a)(2) because of undue delay and unfair prejudice.[3]

---

[3] The Court only addresses undue delay and prejudice, as Defendant primarily objected on these grounds. See ECF No. 39 at 11–15.

### i. Undue Delay

Delay becomes undue when it indicates a lack of diligence sufficient to justify discretionary denial of leave. See Mullin v. Balicki, 875 F.3d 140, 151 (3d Cir. 2017). Further, "[t]he 'undue delay' factor recognizes that a gap between when amendment becomes possible and when it is actually sought can, in certain circumstances, be grounds to deny leave to amend." Id. Here, even assuming that October of 2025 was the latest reasonable point at which Plaintiff became aware of the basis for amendment, Plaintiff waited approximately six months before moving for leave to amend. ECF 36 (dated April 28, 2026). The time Plaintiff spent with this information, prior to filing the motion, weighs heavily in favor of undue delay. See Cureton, 252 F.3d at 273 (explaining that delay may become undue when movant had previous opportunities to amend).

### ii. Unfair Prejudice

Prejudice to the non-moving party remains the "touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting Cornell & Co. v. Occupational Safety & Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). Undue prejudice exists where the amendment would unfairly disadvantage the non-moving party or deprive it of a meaningful opportunity to present facts or evidence that would have been available had the amendment been timely. See Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (quoting Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous., 663 F.2d 419, 426 (3d Cir. 1981)). The focus is therefore on the practical effect of the proposed amendment on the opposing party, including whether it would require substantial new discovery, renewed litigation of previously resolved issues, or materially different preparation to defend against new factual allegations or legal theories. See Cureton, 252 F.3d at 273–74. But see Wausau Underwriters Ins. Co. v. Shisler, 190 F.R.D. 341,

343 (E.D. Pa. 1999) (explaining that delay must impose an actual and unfair burden on the opposing party).

Here, permitting the proposed amendment would substantially prejudice Defendant because it would likely require Defendant to reopen discovery to investigate and defend against the newly asserted claims of individual liability against Mr. Stamer. See generally ECF No. 36-3. Plaintiff seeks to impose individual liability on Mr. Stamer under the NJLAD, even though the parties did not conduct discovery directed toward the factual predicates necessary to establish such liability. Id.; ECF No. 39 at 13–15. As a result, Defendant would likely need to develop evidence defending Mr. Stamer's alleged "active and purposeful conduct" and whether he "knowingly and substantially assist[ed]" any underlying NJLAD violation. See id.; Tarr v. Ciasulli, 853 A.2d 921, 928–29 (N.J. 2004) (examining requirements of NJLAD aiding and abetting claim).

Further, the prejudice is amplified by the procedural stage of the case; the parties are approaching summary judgment, yet an amendment would likely require service of a foreign defendant, renewed motions, and substantial additional factual development before dispositive briefing could proceed. This is precisely the type of burden the Third Circuit has recognized as undue prejudice. See Cureton, 252 F.3d at 273–74 (finding undue prejudice where amendment would require further discovery and significant new preparation, effectively restarting the litigation).

**IV. Conclusion**

Plaintiff has not demonstrated good cause under Rule 16(b)(4) to amend the pleadings after the expiration of the scheduling deadline. Defendant identified Mr. Stamer's role in approving Plaintiff's termination no later than March 31, 2025, and yet Plaintiff did not seek leave to amend until April 2026. ECF No. 39-1 at 5–6; ECF No. 36. On these facts, the Court cannot find good

cause. Additionally, even if Plaintiff satisfied Rule 16, amendment would also be unwarranted under Rule 15(a)(2) because of undue delay and unfair prejudice

For the reasons discussed above, Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED.**

**IT IS SO ORDERED** on this **20th** day of **November 2026**.

*/s/Matthew J. Skahill*
MATTHEW J. SKAHILL
United States Magistrate Judge